533 P.2d 593

**Edwin L. DUKE, Appellant,**

**v.**

**BUREAU OF REVENUE, Appellee.**

**No. 1500.**

Court of Appeals of New Mexico.

March 5, 1975.

John William Pope, Chavez & Cowper, Belen, for appellant.

Toney Anaya, Atty. Gen., Vernon O. Henning, Jan E. Unna, Bureau of Revenue Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Duke protested his liability for an assessment of gross receipts tax, penalty and interest. The protest was denied; Duke appeals claiming that certain receipts were wages either of himself or wages of his employees, and exempt under § 72–16A–12.5, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1973).

Duke was involved in the business of hauling sand, gravel, asphalt and similar materials with his own trucks. He drove one truck himself and hired drivers for the other trucks. During the period covered by the assessment, he worked exclusively

for contractors involved in road construction. This hauling was on a ton-mile or ton-delivery basis. Duke and his drivers received wages directly from the contractor.

There is evidence that the contractor paid the wages, carried workmen's compensation, and withheld for social security and other deductions. The contractor did the bookkeeping, but Duke paid for it. The contractor subtracted the wages paid and other deductions from Duke's gross and paid him the balance.

*Wages Paid to Duke*

 Duke contends the evidence shows he was paid wages by the contractor and that he was an employee of the contractor. The evidence is that the wages paid to Duke came from money grossed by Duke under the hauling arrangement. Specifically, Duke's wages were paid from Duke's gross. The tax assessment is on Duke's gross.

*Wages Paid to Duke's Drivers*

 Duke claims the wages paid to his drivers were not gross receipts because he never received these wages to distribute. The evidence shows that these wages were paid on Duke's behalf out of his gross receipts. The definition of gross receipts in § 72–16A–3(F), N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1973) includes the total value of consideration received from performing services. The fact that the drivers' wages were paid from Duke's gross is evidence that Duke had received this consideration.

The Commissioner found that no wages within the meaning of § 72–16A–12.5, supra, were included within the assessment. There being substantial evidence to support this finding, the Decision and Order of the Commissioner is affirmed. Sterling Title Co. of Taos v. Commissioner of Rev., 85 N.M. 279, 511 P.2d 765 (Ct.App.1973).

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.